IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON TAYLOR, | : | CIVIL ACTION NO. **1:14-CV-2385** |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| HARRISBURG POLICE DEPARTMENT, | : | |
| *et al.*, | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I.      BACKGROUND.

On December 16, 2014, Plaintiff Aaron Taylor, Harrisburg, Pennsylvania, filed, *pro se*, this instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* on that same date. (Doc. 2).

Plaintiff names the following Defendants in his Complaint: (1) Harrisburg Police Department; and (2) Jacob Benjamin Pierce. (Doc. 1, p. 1). The Court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331 and § 1343(a). We will now screen Plaintiff's Complaint in accordance with § 1915 of the PLRA.

### II.     STANDARDS OF REVIEW.

### A.      PLRA

The Prison Litigation Reform Act of 1995[1] (the "PLRA")obligates the Court to engage in a screening process when a plaintiff wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Specifically, § 1915(e)(2),which was created by § 805(a)(5) of the Act, provides:

----

[1]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

The Court uses the same standard to screen a complaint under the PLRA as it does for a 12(b)(6) motion to dismiss. *See Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.).

**B.     42 U.S.C. § 1983**

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements:  (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights.  Rather, it is a means to redress violations of federal law by state actors.  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).  *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983.").   "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id.* Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

The Court uses the same standard to screen a complaint under the PLRA as it does for a 12(b)(6) motion to dismiss. *See O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.); *Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.).

## C.        MOTION TO DISMISS

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court

stated:

> The Third Circuit Court of Appeals recently set out the appropriate
> standard applicable to a motion to dismiss in light of the United States
> Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S.
> 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009).
> "[T]o survive a motion to dismiss, a complaint must contain sufficient
> factual matter, accepted as true to 'state a claim that relief is plausible
> on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at
> 570). The Court emphasized that "only a complaint that states a
> plausible claim for relief survives a motion to dismiss." *Id.* at 1950.
> Moreover, it continued, "[d]etermining whether a complaint states a
> plausible claim for relief will ... be a context-specific task that requires
> the reviewing court to draw on its judicial experience and common
> sense." *Id.* (citation omitted).  *McTernan v. City of York,* 577 F.3d 521,
> 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly*
> and *Iqbal* in detail and provided a road map for district courts
> presented with a motion to dismiss for failure to state a claim in a case
> filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578
> F.3d 203 (3d Cir.2009).
>
> [D]istrict courts should conduct a two-part analysis. First, the factual
> and legal elements of a claim should be separated. The District Court
> must accept all of the complaint's well-pleaded facts as true, but may
> disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a
> District Court must then determine whether the facts alleged in the
> complaint are sufficient to show that the plaintiff has a "plausible
> claim for relief." *Id.* at 1950. In other words, a complaint must do
> more than allege a plaintiff's entitlement to relief. A complaint has to
> "show" such an entitlement with its facts. *See Philips [v. Co. of
> Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme
> Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not
> permit the court to infer more than the mere possibility of
> misconduct, the complaint has alleged-but it has not 'show[n]'-'that
> the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This
> "plausibility" determination will be "a context-specific task that
> requires the reviewing court to draw on its judicial experience and
> common sense." *Id.*

4

*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

## III.    COMPLAINT ALLEGATIONS.

In his Complaint, Plaintiff alleges that, Defendant Officer Pierce searched the Plaintiff's person and possessions without cause[2]. (Doc. 1, p. 4). Plaintiff next states that an Affidavit of Probable Cause must be verified before a search warrant can be issued. (*Id.*). Next, Plaintiff refers to Docket No. MJ-121014-CR-000327-2014 from Magisterial District Judge 12-1-04 as not having a proper Affidavit of Probable Cause verified on the docket. Plaintiff states that the attached Investigation Report[3] shows actions which are deemed as wrongdoing. (*Id.*). Plaintiff does not indicate any further factual allegations to support his claim. Therefore, it appears Plaintiff is alleging that based on the lack of a Probable Cause Affidavit, Defendants violated his Fourth Amendment protection from illegal search and seizure. (*Id.*).

As relief, Plaintiff requests that he be "awarded cost and disbursements of the action, including reasonable attorney's fees, accountant's and expert's fees, cost, and expenses; and granting such other and further relief as the court deems just and proper." (Doc. 1, p. 2). Plaintiff further requests a $10, 000.00 cash reward. (*Id.*). Plaintiff does not indicate in his

---

[2]Plaintiff does not indicate the date of the alleged incident.

[3]The Investigation Report is not attached as indicated by Plaintiff in his Complaint.

Complaint where the incident occurred or any details regarding the alleged search.  Plaintiff's

Magisterial Docket[4] indicates that Plaintiff was charged on June 11, 2014 with Forgery, Bad

Checks and Theft by Deception.  The charges were filed by Defendant Officer Jacob Benjamin

Pierce, Harrisburg Police Department on June 11, 2014.  It appears that these charges are

related to Plaintiff's contact with Defendants.  The current status of the case is inactive and the

last docket entry indicates that a Preliminary Hearing was scheduled for October 22, 2014.  *See*

Docket MJ-12104-CR-0000327-2014.  The Docket does not indicate if the hearing was held

to date.

**IV.     DISCUSSION**.

Although Plaintiff's Complaint is not clear, it appears that Plaintiff is alleging that

Defendants violated his Fourth Amendment right to protection from unreasonable search and

seizure.  (Doc. 1).  Plaintiff does not directly state any facts involving the Harrisburg Police

Department anywhere in his Complaint, but rather only names the Harrisburg Police

Department as a Defendant on page 1 of his Complaint  in the Defendants section.  (Doc. 1).

Thus, Plaintiff does not assert any allegations or constitutional claims against Defendant

Harrisburg Police Department.  Rather, it appears that Defendant Officer Pierce is a police

officer employed by Defendant Harrisburg Police Department.

---

[4]We  take judicial notice of the Pennsylvania state court docket sheet in this matter, which is available through Pennsylvania's Unified Judicial Docket System docket research at http://ujsportal.pacourts.us/, Magisterial District Judge 12-1-04, Docket Number: MJ-12104-CR-0000327-2014.

With regard to Defendant Harrisburg Borough Police Department, Plaintiff has failed to sufficiently allege his Fourth Amendment claim against this Defendant.  Plaintiff has not alleged any facts that indicate this Defendant's involvement in his claim beyond that based on the theory of *respondeat superior*.

Based on the above-detailed allegations in Plaintiff's Complaint, Plaintiff does not mention Defendant Harrisburg Police Department at all.  Rather, it appears Plaintiff named Harrisburg Police Department as a Defendant merely because Defendant Pierce, is employed by it and based on the doctrine of *respondeat superior*.  This does not meet the requisite factual specificity to state a   Fourth Amendment claim against Defendant Harrisburg Police Department.

Defendant Harrisburg Police Department cannot be held liable for the conduct of persons it supervises pursuant to *respondeat superior.  Meyers v. Schuylkill Co. Prison*, 2006 WL 559467, *9 (M.D. Pa.).[5]   Rather, Defendant Harrisburg Police Department "[is] subject to liability [in a §1983 action] to the extent [it] maintain[ed] an unconstitutional custom or policy that caused the alleged constitutional violation."  *Id.* (citation omitted).  *See also Monnell v. Department of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

In *Mangus*, the Court stated:

> With respect to such institutional defendants it is clear that a County cannot be held liable for the unconstitutional acts of its employees on the theory of respondeat superior.  *See Monnell v. Department of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Instead, [a plaintiff] must demonstrate that the violation of his rights was caused by either a policy or

---

[5]*See also Mangus v. DCP*, 2010 WL 521114, *8-*6 (M.D. Pa.).

a custom of the [county]. *See Beck v. City of Pittsburgh,* 89 F.3d 966, 971 (3d Cir.1996).  *Berg v. County of Allegheny,* 219 F.3d 261, 275 (3d Cir.2000).

2010 WL 521114, *3.

No such custom or policy is specifically alleged by Plaintiff with respect to Defendant Harrisburg Police Department.  Plaintiff does not make any allegations as described above against Defendant Harrisburg Police Department necessary to make it subject to liability in this case.  Based on *Malles and Meyers*, as well as *Magnus*, we find Plaintiff's allegations do not sufficiently state that Defendant Harrisburg Police Department caused any alleged conduct of Defendants by having customs, policies, practices and procedures, and how these policies gave rise to violations of his constitutional rights.

 The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless the Court  finds bad faith, undue delay, prejudice, or futility.  *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002)*; Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).  Thus, we will recommend that Defendant Harrisburg Police Department be dismissed without prejudice as we do not find futility in allowing Plaintiff to amend his Complaint to properly state a *Monell* claim against this Defendant.

Regarding Plaintiff's Fourth Amendment Claim against Defendant Officer Pierce, as stated above,  Plaintiff's Magisterial Docket indicates that Plaintiff was charged on June 11, 2014 with Forgery, Bad Checks and Theft by Deception.  The charges were filed by Defendant Officer Jacob Benjamin Pierce, Harrisburg Police Department on June 11, 2014.  The current status of the case is inactive and the last docket entry indicates that a Preliminary Hearing was

scheduled for October 22, 2014, but it is unknown if a hearing was held to date. *See* Docket MJ-12104-CR-0000327-2014. The Magisterial District Court Docket does not indicate if the Plaintiff's charges were bound over to the Court of Common Pleas or if they were dismissed. The Docket indicates that the case is inactive, thus it is currently pending. We find that the constitutional claims Plaintiff asserts against Defendants for unreasonable search and seizure are currently pending and have not been dismissed may be *Heck* barred. Plaintiff's case appears to be premature. Thus, insofar as Plaintiff is raising constitutional claims under §1983 against Defendants challenging the stated charges for which he was charged and have not been overturned to date, we find that these claims are *Heck* barred. *See Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994).

In *Heck*, the Supreme Court stated:

> A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 487; *see also Kossler v. Crisanti,* 564 F. 3d 181, 187 (3d Cir. 2009).

In *Taylor v. JFC Staffing Assoc.*, 690 F. Supp. 2d 357, 375-77 (M.D. Pa. 2009), the Court stated: In *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) the Supreme Court announced what is called the "favorable termination rule," which forecloses certain § 1983 actions for plaintiffs who have plead guilty to criminal charges. In *Heck,* the Supreme Court stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983

> plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.... A claim for damages bearing relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87, 114 S.Ct. 2364 (emphasis in original). The final termination rule announced in Heck also bars those § 1983 claims that have the effect of impugning the underlying criminal conviction. *See Marable v. Pottsgrove Twp.,* 176 Fed.Appx. 275, 281 (3d Cir.2006).

Thus, insofar as Plaintiff is claiming Defendant Officer Pierce violated the Fourth Amendment with respect to the charges filed against him, we find that  these constitutional claims may be *Heck* barred.  The case has not been dismissed to date.  As such, we will recommend that Plaintiff's constitutional claims against Defendant Officer Pierce challenging the stated charges be dismissed until Plaintiff's charges are adjudicated.

## V.    RECOMMENDATION.

Based on the foregoing discussion, we respectfully recommend that the Court:

1.    **DISMISS WITHOUT PREJUDICE** Defendant Harrisburg Borough Police Department to allow Plaintiff the opportunity to properly raise a *Monell* claim.

2.    **DISMISS WITHOUT PREJUDICE** Plaintiff's Fourth Amendment claim against Defendant Officer Pierce.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: December 30, 2014**

10

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON TAYLOR, | : | CIVIL ACTION NO. **1:14-CV-2385** |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| HARRISBURG POLICE DEPARTMENT, | : | |
| *et al.*, | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **December 30, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the magistrate judge,
> making his or her own determination on the basis

of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objection to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.


                                         **s/ Thomas M. Blewitt**
                                         **THOMAS M. BLEWITT**
                                         **United States Magistrate Judge**

**Dated: December 30, 2014**