IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AARON TAYLOR,** | : | **CIVIL ACTION NO. 1:14-CV-2385** |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **HARRISBURG POLICE** | : | |
| **DEPARTMENT & JACOB** | : | |
| **BENJAMIN PIERCE,** | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this 26th day of January, 2015, upon consideration of the report (Doc. 5) of Magistrate Judge Thomas M. Blewitt, in which the magistrate judge recommends the court dismiss plaintiff's *pro se* complaint (Doc. 1) for failure to state a claim for which relief may be granted, see 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."), and specifically finds that plaintiff has failed to state a Section 1983 claim for municipal liability against the Harrisburg Police Department under Monell v. Department of Social Services, 436 U.S. 658 (1978), (see Doc. 5 at 6-8), and further that plaintiff's claim against defendant Jacob Benjamin Pierce is precluded by Heck v. Humphrey, 512 U.S. 477 (1994), because the criminal conviction underlying plaintiff's Section 1983 claim has not yet been challenged and invalidated, (see Doc. 5 at 8-10), and the court being in agreement with the magistrate judge's conclusions, but further noting that

the Harrisburg Police Department is not a proper defendant for purposes of Section 1983, see, e.g., Blackwell v. Middletown Borough Police Dept., No. 1:12-cv-825, 2012 WL 6012568, at *4 (M.D. Pa. Nov. 16, 2012), adopted by 2012 WL 6002689 (M.D. Pa. Nov. 30, 2012), and that the Harrisburg Police Department thus should properly be dismissed with prejudice, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007) (observing that leave to amend should ordinarily be granted unless amendment would be futile or result in undue delay), and it appearing that neither party has objected to the report, and that there is no clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil

---

[1] When parties fail to timely object to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court reviews the magistrate judge's report in accordance with this Third Circuit directive.

proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report (Doc. 5) of Magistrate Judge Blewitt is ADOPTED.

2. Plaintiff's motion (Doc. 2) for leave to proceed *in forma pauperis* is GRANTED.

3. Plaintiff's complaint (Doc. 1) is DISMISSED.  Plaintiff's claim against defendant Harrisburg Police Department is dismissed with prejudice. Plaintiff's claim against defendant Jacob Benjamin Pierce is dismissed without prejudice to the refiling thereof should the conviction underlying plaintiff's Section 1983 claim be invalidated.

4. The Clerk of Court is directed to CLOSE this case.

5. Any appeal from this order is deemed to be frivolous and not taken in good faith.  See 28 U.S.C. § 1915(a)(3).

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania